UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARCOS MIGUEL MENDEZ-GARCIA,

Petitioner,

v. Case No. 3:26-cv-1218-MMH-SJH

WARDEN, BAKER COUNTY DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

Petitioner Marcos Miguel Mendez-Garcia, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1). Mendez-Garcia, a citizen of Cuba, entered the United States at an unknown date and time. Doc. 8-1 at 1. On August 27, 2025, a state court convicted him of fleeing or eluding police and sentenced him to 24 months of probation. Id. at 3. During a probation appointment, on November 4, 2025, United States Immigration and Customs Enforcement detained Mendez-Garcia. Id. at 2.

On February 24, 2026, an immigration judge denied Mendez-Garcia's request for a custody redetermination, noting that In re Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), had been vacated and denying bond because

Mendez-Garcia was a flight risk and a danger to the community. Doc. 8-4 at 3. The immigration judge later issued a bond memorandum explaining his decision. In the bond memorandum, the immigration judge asserted that he lacked authority to hear Mendez-Garcia's bond request pursuant to Hurtado. Doc. 1-2 at 16. Mendez-Garcia is pursuing an appeal of the immigration judge's order. Doc. 8-5 at 2–3. The crux of Mendez-Garcia's Petition is that he is subject to discretionary detention under 8 U.S.C. § 1226(a), which entitles him to a bond hearing. See Doc. 1 at 10–12. As relief, he asks the Court to direct his immediate release or an individualized bond hearing. Id. at 19.

The Federal Respondents recognize that Mendez-Garcia is entitled to an individualized bond hearing based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Doc. 8 at 6. While the Federal Respondents acknowledge the discrepancy between the immigration judge's order and bond memorandum, they assert that the immigration judge denied bond on the merits. Id. at 7. Therefore, the Federal Respondents argue Mendez-Garcia's request is moot. Id. The Federal Respondents further contend that Mendez-

Garcia has not exhausted his administrative remedies because he is pursuing an appeal of the immigration judge's order. Id.

The Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Mendez-Garcia has failed to exhaust his administrative remedies because his appeal of the immigration judge's order is still pending. Contrary to the context in which the Court previously excused a failure to exhaust, before Mendez-Garcia filed the Petition, the Eleventh Circuit concluded that noncitizens detained within the interior of the United States, such as Mendez-Garcia, are entitled to a bond hearing. And the Board of Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023); see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate

courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination or an appeal of a redetermination would be futile or "predetermined." Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust.

Insofar as Mendez-Garcia challenges the validity of his arrest, "habeas is not a vehicle to redress defects in an initial arrest." Palma v. Powell, 828 F. Supp. 3d 1297, 1308 (N.D. Ala. 2026). Rather, the function of habeas is to determine whether the petitioner may lawfully remain in custody, and "[i]f lawful grounds for detention exist, [Mendez-Garcia] is not entitled to release even if there were flaws in his original arrest." Id. Therefore, if Mendez-Garcia attacks his seizure rather than the statutory authority to presently detain him, his claim must fail. See also Gupta v. McGahey, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him").

Accordingly, it is **ORDERED**:

1. Mendez-Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. Respondent Warden's Motion to Dismiss (Doc. 9) is **DENIED as moot**.

3. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Petition without prejudice, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of October, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/7
c:
Counsel of record